**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Team 125 Incorporated,<br><br>    Plaintiff,<br><br>vs.<br><br>Marana Aerospace Solutions Incorporated,<br><br>    Defendant. | No. CV-25-03368-PHX-SPL<br><br>**AMENDED ORDER**[1] |

Before the Court is Plaintiff Team 125 Inc.'s Emergency Motion for Immediate Hearing to Determine Bona Fide Purchaser Status and to Freeze Purchase Funds (Doc. 13), which the Court construes as a Renewed Motion for Temporary Restraining Order. The Court previously denied Plaintiff's Motion for Temporary Restraining Order (Doc. 2) for failure to comply with Federal Rule of Civil Procedure 65(b)(1). (Doc. 12). In that Order, the Court set a Preliminary Injunction hearing for October 8, 2025. (*Id.*). Having considered the instant Emergency Motion, the Court now rules as follows.

**I. Background**

Plaintiff Team 125 Incorporated brings suit against Defendant Marana Aerospace Solutions Incorporated for claims arising out of a contract dispute. (*See generally* Doc. 1). Plaintiff entered into a maintenance and storage agreement with Defendant wherein Defendant would perform certain services on a Boeing 767-3PG aircraft, registration

---

[1] This Order amends line 13 on page 5 of the September 24, 2025 Order (Doc. 15) to reflect the correct start time of the Preliminary Injunction Hearing.

number N183HK (the "Aircraft"), for payment. (*Id.* at 2, ¶ 9). Despite making all outstanding payments, Plaintiff alleges that Defendant refused to release the Aircraft to Plaintiff. (*Id.* at 3, ¶¶ 19–20). Plaintiff further alleges that Defendant's foreclosure of a possessory lien via non-judicial sale against the Aircraft was procedurally improper. (*Id.* at 4, 6, ¶¶ 21, 36). In the initial Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff asked the Court to enjoin Defendant from "dismantling, selling, transferring, or otherwise disposing of" the Aircraft and to "require Defendant to release possession of the Aircraft to Plaintiff." (Doc. 2 at 1).

Now, Plaintiff provides the court new information and factual developments. (Doc. 13 at 2). Plaintiff asserts that the foreclosure and sale had already occurred before Plaintiff was able to take legal action. (*Id.*). Plaintiff "has since learned that the Aircraft has been sold and that a Bill of Sale has been filed with the FAA but not yet accepted." (*Id.*). Plaintiff is now requesting an emergency hearing to determine the validity of the sale. Specifically, Plaintiff seeks to determine whether the buyer of the aircraft is a bona fide purchaser without notice of defects and to freeze the funds paid to Defendant for the aircraft. (*Id.* at 2–3).

**II.   Legal Standard**

Rule 65 of the Federal Rules of Civil Procedure sets forth the procedural requirements for obtaining a temporary restraining order ("TRO") and preliminary injunction. In comparison to preliminary injunction, a party may seek a temporary restraining order without notice by providing the court with: (A) specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) certification in writing by the movant regarding any efforts made to give notice to the other party and the reasons why it should not be required. Fed. R. Civ. P. 65(b).

A party seeking injunctive relief[2] bears the burden to show that: (1) it is likely to

---

[2]   The legal standard for granting a temporary restraining order is the same as the

succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In the Ninth Circuit, a party may alternatively seek relief under a "sliding scale" approach. In other words, if a party "can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the [party]'s favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

### III.   Analysis

Defendant has now been served in this action. (*See* Doc. 11). Thus, there is notice, and the reason for the denial of the initial TRO motion, failure to comply with Rule 65(b)(1), is moot. Therefore, the Court will assess whether Plaintiff has met its burden under the *Winter* factors.

####    A.    Merits

Plaintiff has demonstrated that it is likely to succeed on the merits of the claims for breach of contract, namely, the Maintenance Service Agreement and breach of the covenant of good faith and fair dealing.[3] Arizona "law implies a covenant of good faith and fair dealing in every contract." *Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986). Plaintiff alleges that the parties entered into a Maintenance Services Agreement "to support maintenance activities, storage of the aircraft and spare parts."

---

standard for preliminary injunctive relief. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001).

[3]   The Court need not address the likelihood of success of Plaintiffs' other claims because likelihood of success on one claim can be sufficient to support early injunctive relief. *See Fin. Exp. LLC v. Nowcom Corp.*, 564 F. Supp. 2d 1160, 1168 (C.D. Cal. 2008) (the moving party "only needs to show the requisite combination of probable success on the merits and the possibility of irreparable injury with respect to any one of its claims").

(Doc. 1 at 2, ¶ 9).[4] During 2024 and 2025, Plaintiff alleges it missed payments to Defendant, but in response to Defendant's demand, Plaintiff paid all outstanding fees on September 5, 2025. (*Id.* at 3, ¶¶ 16–19). Defendant refused to release the aircraft to Plaintiffs and instead foreclosed a possessory lien via non-judicial sale for $10. (*Id.* at 4, ¶ 21). At the same time, Plaintiff alleges that Defendant has raised the rent and billed Plaintiff for fees after the foreclosure occurred. (*Id.* at 5, ¶ 32).

### B. Immediate Irreparable Harm

Plaintiff has demonstrated that there is a likelihood that *immediate* and irreparable harm will result in the absence of a temporary restraining order before Defendant can be heard in opposition. Not only would Plaintiffs suffer the loss of property, but they would also suffer the loss profit from a commercially reasonable sale and damage to their business goodwill. Money damages likely would not be adequate to address the harm suffered. *See Toma v. Fontes*, 258 Ariz. 109, 127 (2024) ("An award of monetary damages generally is an adequate remedy when damages are calculable with reasonable certainty and 'address the full harm suffered.'") (citing *City of Flagstaff v. Ariz. Dep't of Admin.*, 255 Ariz. 7, 13 (Ariz. Ct. App. 2023).

### C. Public Interest

Because the relief that the injunction would provide is limited, public interest is a neutral factor in this analysis. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138-39 (9th Cir. 2009) ("When the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties, the public interest will be 'at most a neutral factor in the analysis rather than one that favor[s] [granting or] denying the preliminary injunction.'") (citation omitted).

### D. Balance of Equities

Plaintiff has shown that the balance of equities tips in its favor. Without a

---

[4] Plaintiff alleges that the Agreement was never signed by Defendant (Doc. 1 at 3, ¶ 10), but it appears that Defendant initialed the Agreement in several places and that the parties operated under an agreement for some time. (*See generally* Doc. 1; Doc. 1-1 at 4–24).

4

Temporary Restraining Order, Plaintiff will suffer the loss of the Aircraft and the loss of the ability to sell the Aircraft at a different price. Moreover, temporarily freezing the funds while the validity of the sale is investigated will cause little harm to Defendant. If the sale is determined to be valid and Plaintiff is denied relief after the hearing, the sale will go through, and Defendants will receive the funds.

In sum, Plaintiff has met its burden to demonstrate that it is entitled to immediate temporary injunctive relief. The request for a TRO will be granted to the extent that the Court will order the funds paid by the buyer to Defendant to be frozen. The Court has already set a Preliminary Injunction hearing for October 8, 2025.

Accordingly,

**IT IS ORDERED** that the Emergency Motion for Immediate Hearing to Determine Bona Fide Purchaser Status and to Freeze Purchase Funds (Doc. 13), which the Court construes as a Renewed Motion for TRO, is **granted.** The Court orders that Defendant is **enjoined** from depositing any funds transmitted from the buyer and the sale of the Aircraft is frozen pending resolution of the Motion for Preliminary Injunction. A Preliminary Injunction hearing has already been set for October 8, 2025 at 9:00 a.m.

Dated this 29th day of September, 2025.

Honorable Steven P. Logan
United States District Judge