**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Team 125 Incorporated,<br><br>    Plaintiff,<br><br>vs.<br><br>Marana Aerospace Solutions Incorporated,<br><br>    Defendant. | No. CV-25-03368-PHX-SPL<br><br>**ORDER** |

  Before the Court is Plaintiff's Motion for Preliminary Injunction (Doc. 2) and Defendant's Motion to Stay in Favor of Arbitration (Doc. 25). The motions are fully briefed, and the Court now rules as follows. (Docs. 2, 26, 31, 25, 29, 30).

  Plaintiff is a Federal Aviation Administration ("FAA") certified Air Operator. (Doc. 1 at 1, ¶ 1). Defendant is a privately owned company that stores large aircraft. (Doc. 26-1 at 2, ¶ 4). In 2017,[1] the parties entered into a Maintenance Services Agreement (Doc. 1-1 at 4–21), wherein Defendant provided storage and maintenance services for Plaintiff's Boeing 767-3PG airplane ("the Aircraft"). (Doc. 1 at 2, ¶¶ 7, 9). From November 2023 through May 2025, Defendant submitted several notices to Plaintiff regarding its unpaid invoices for storage, maintenance, and related services on the Aircraft. (Doc. 26-1 at 6–11,

---

[1] The Maintenance Services Agreement attached to the Complaint states the contract is effective as of January 4, 2016 (Doc. 1-1 at 6), but that date appears to be a typo. (Doc. 1-1 at 21, 23, 29; Doc. 26-1 at 2, ¶¶ 12, 17–19; Doc. 26-2 at 34). The date of the contract, however, is not at issue.

92–99; Doc. 26-2 at 3–4, 7, 23, 29–30). Plaintiff did not make any payments to Defendant during that time. As a result, Defendant foreclosed a possessory lien on the Aircraft via non-judicial sale. (Doc. 26 at 1–3; Doc. 26-2 at 106). Plaintiff believes the sale of the Aircraft was improper under Arizona law. (Doc. 1 at 4, ¶ 21–23). Plaintiff filed this case on September 15, 2025, and requested injunctive relief. (Docs. 1, 2).

Defendant seeks to stay this litigation in favor of arbitration. (Doc. 25). The Maintenance Services Agreement, which the parties do not dispute is valid and controlling, includes an arbitration provision that provides as follows:

> All claims, disputes, or controversies arising under this Agreement between the parties shall be submitted to binding arbitration by the American Arbitration Association (AAA) and shall be held and decided under the expedited procedures of the commercial arbitration rules of the AAA then in effect[.]

(Doc. 1-1 at 19, (b)). Plaintiff argues, that in initiating statutory foreclosure remedies, Defendant has waived the right to arbitrate. (Doc. 29 at 4). The Court finds this argument to be unavailing, however, as such activity is not inconsistent with the right to arbitrate because it does not seek a judicial determination on the merits of any claim. *See Newirth ex rel. Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, (9th Cir. 2019) (distinguishing between seeking judicial resolution "on the merits of a key issue in a case" and other litigation activities), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 2022).

The Court further finds that interim relief is also inappropriate in this case. As argued by Plaintiff, "a district court may issue interim injunctive relief on arbitrable claims if interim relief is necessary to preserve the status quo and the meaningfulness of the arbitration process[.]" *Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 981 (9th Cir. 2010). Nonetheless, a district court should decline ordering relief if the arbitrator has the power to provide the interim relief the plaintiff seeks. *See Capriole v. Uber Techs., Inc.*, 7 F.4th 854, 867–68 (9th Cir. 2021). As Defendant points out, Rule 39 of the AAA's Commercial Arbitration Rules allows Plaintiff to seek interim relief before

an arbitration panel convenes. (Doc. 30 at 4–5); American Arbitration Association, Commercial Arbitration Rules & Mediation Procedures, Rule 39, https://www.adr.org/media/qielmf0g/2025_commercialrules_web.pdf (last visited Oct. 6, 2025). Plaintiff does not allege the AAA's emergency relief process is unavailable to it. In circumstances like this one, where "parties negotiate for arbitration to be the exclusive forum for adjudicating their claims, and the arbitration forum chosen has an available procedure for obtaining emergency relief, a court's award of interim relief undermines— rather than preserves—the 'meaningfulness of the arbitration process.'" *Fox Infused, LLC v. Neonc Techs., Inc.*, No. 2:23-CV-04431-SB-PD, 2023 WL 5206812, at *1 (C.D. Cal. June 12, 2023) (quoting *Toyo Tire*, 609 F.3d at 981). Thus, in light of the Maintenance Services Agreement and emergency relief process under the AAA's Commercial Rules, the Court finds that Plaintiff should pursue its claims in arbitration, and any interim relief from this Court would be inappropriate. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 725–26 (9th Cir. 1999) (finding the district court did not abuse its discretion in denying the plaintiff's motion for injunctive relief because all of the plaintiff's claims were arbitrable, and arbitration tribunal could have granted similar relief).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction (Doc. 2) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay in Favor of Arbitration (Doc. 25) is **granted** and this case is **stayed**. The parties shall file a notice of arbitration with the Court, including the scheduled date of the arbitration, within **thirty (30) days** of the date of this Order, and the parties shall file joint status reports every **ninety (90) days** thereafter.

///

///

///

///

**IT IS FURTHER ORDERED** that the Preliminary Injunction Hearing set for October 8, 2025 at 9:00 a.m. is **vacated**.

Dated this 6th day of October, 2025.

Honorable Steven P. Logan
United States District Judge